## NEWLIN, PUBLIC ADMINISTRATOR, v. NEW ORLEANS PUBLIC SERVICE INC.

(October 29, 1928. Opinion and Decree.)
(November 13, 1928. Rehearing Refused.)
(January 3, 1929. Decree Supreme Court, Writ Refused.)

Ross E. Breazeale, of New Orleans, attorney for plaintiff and appellee.

Dufour, Rosen & Kammer, of New Orleans, attorneys for defendant and appellant.

WESTERFIELD, J. The Public Administrator, proceeding by rule, seeks to obtain from the defendant, a public utility corporation, the exclusive dispenser of gas and electricity in this community and the successor of other public service corporations, variously styled, which formerly dispensed gas and electricity in this city, a list of deposits, unclaimed and uncalled for, for a period of ten years prior to September 1, 1928, made with defendant's predecessors, and now in the possession of defendant, together with the amounts thereof and the last known addresses of the owners thereof. It is alleged, that defendant has in its possession numerous deposits received by its predecessors, over a period of years, which have been abandoned by the depositors or the owners thereof; that under the provisions of Act 14 of 1926, the Public Administrator is directed to obtain from all depositories in the Parish of Orleans, a complete list of all persons, who have on deposit with it, any funds which have been uncalled for or unclaimed for a period of ten years prior to August 15, 1926; that the act referred to required all depositories to furnish mover a list of all such funds, together with the last known residences or addresses of persons making the original deposit; that the State of Louisiana,

by virtue of act referred to, as well as under the general provisions of the Civil Code affecting the administration of vacant estates, is entitled to the administration of all funds, the owners, of which are unknown or have not been heard from, for a period of ten years prior to the first day of September, 1928.

Defendant filed a general denial and by way of special defense, averred that the sums received by its predecessors, from time to time, were deposited as security for the payment of gas and electric bills, which might thereafter become due, as well as, for the safe return of the property installed in the premises to which gas or electric service had been furnished by its predecessors. It especially denied that it is or that its predecessors were, depositories within the meaning of Act 14 of 1926.

From a judgment making the rule absolute defendant has appealed. No list of deposits made with the defendant company is asked for, for the reason, perhaps, that the defendant has not enjoyed corporate existence for a period of ten years. However, the funds, a list of the owners of which, is asked for, are in possession of the defendant, and, if an accounting, such as is asked for in this proceeding, is to be made, it is admittedly due by the defendant.

The act under which plaintiff proceeds (No. 14 of 1926) provides:

"In all cases when it shall appear that bank boxes, safe deposit boxes or other receptacles, and the contents thereof, or property or funds or other things of value, deposited or left with or in any bank or trust company or other depositories or hands, in the City of New Orleans, otherwise than in the checking or savings department of such bank or trust company, stand in the names of persons who are absent, and not represented and have not been heard from for a period of ten years or more, the Public Administrator for the Parish of Orleans shall proceed to administer upon such bank boxes, safe deposit boxes or other receptacles, and the contents thereof or other things of value, in the same manner as is now or may hereafter be provided by law for the administration of vacant successions; and to that end, he shall have the right to demand of every bank and trust company or other depositories in the City of New Orleans, and each such bank or trust company or other depositories, are hereby required to furnish to him, on August 15, 1926, and annually thereafter, complete lists of all persons who have on deposit with or in its (otherwise than in its checking or savings department) bank boxes, safe deposit boxes, or other receptacle, and the contents thereof, or property or funds (or) other things of value, and have not called for or claimed same for a period of ten years or more next preceding August 15 of the year in which such lists are furnished, together with the last known residences or addresses of such persons and descriptions of the things so deposited."

It is the contention of defendant that only banks, trust companies or other depositories are contemplated by Act of 1926 and that defendant is neither a bank nor a trust company, nor a depository within the meaning of the act. A number of receipts covering the deposits were offered in evidence, all of which referred to the sum, the payment of which the receipt acknowledged, as a deposit, some of these receipts stipulate that the deposit will be repaid upon discontinuing the service with 5% per annum interest, others with 4% per annum, and others with 6% per annum, all of them stipulate that all indebtedness must first have been discharged before repayment and some that interest shall be reckened only up to the date when service has been discontinued. Notwithstanding the use of the word deposit in the receipts, the

defendant contends that, as a matter of law, such funds cannot be so regarded, because, there are only two kinds of deposits recognized under the Civil Code (sequestration excepted). That is to say, a regular deposit, where a person receives the property of another with the obligation to return it in kind and an irregular deposit, where the obligation is to return a thing of like value, or weight, and not necessarily in kind, as where a deposit of money is made. R. C. C. 2948 and 2955.

It is argued, that the deposits held by the defendant cannot be classified as either regular or irregular deposits, but that the relation between the recipient of the deposits and the depositors was that of pledgor and pledgee under Article 3133 R. C. C.; that the transaction with respondent's predecessors differed from irregular deposits in that interest was stipulated to be paid upon certain conditions, whereas the depository owed interest from the date of his default, and only then.

Without attempting an intricate analysis of the transaction, it is obvious that, if there are in the possession of the defendant company any abandoned funds belonging to persons unknown, or who cannot be found, the defendant cannot assert any claim of ownership, and that if the act referred to is susceptible of the construction which would permit the recovery of the possession of such funds by the Public Administrator, it should be so construed. In other words the Act should be liberally construed, in favor of the plaintiff in rule.

Turning now to the Act, itself, we find that "in all cases when it shall appear that bank boxes, safe deposit boxes or other receptacles, and the contents thereof, or property or funds or other things of value, deposited or left with or in any bank or trust company, or other depositories or hands * * * stand in the names of persons who are absent or represented * * * the Public Admiinstrator for the Parish of Orleans shall proceed to administer * * * and to that end it shall have the right to demand of every bank or trust company or other depositories."

It will be observed that the plain intendment of the act is that the Public Administrator should receive possession of abandoned property in banks, trust companies, depositories "or hands" in the City of New Orleans. It is true that in authorizing the Public Administrator to demand a list of the names of owners of abandoned property, the words "or hands" are not repeated, but we deduce the meaning of the act, by consideration of it in its entirety and viewed in that light, there cannot be any question but that it was intended to embrace a situation like the present, and to authorize the Public Administrator to demand the list asked for in this proceeding.

We might add, that whatever may have been the original conditions surrounding the payment of this money, to the predecessors of defendant, it is now held by the defendant company unconditionally, since, whatever charges may have been due, under the terms of the original receipts, as against the sums deposited, in the ten-year period of inactivity, must have been adjusted long ago.

Our conclusion is that the judgment appealed from is correct and it is therefore affirmed.