YARRUT, Judge.
The Public Administrator requested the Defendant Bank to furnish him with a list of owners of safe deposit boxes standing in the names of persons who have not been heard from for eight years or more.
Under LSA-R.S. 9:1585 the Bank filed exceptions of no cause and no right of action on the grounds: (1) That it is a national bank specifically exempted from the provisions of LSA-R.S. 9:1585; and (2) The relief the Public Administrator seeks is not authorizd by any provision of law.
The District Court overruled the Bank’s exceptions, and rendered judgment for the Public Administrator, from which the Bank has taken this appeal.
The Public Administrator seeks only a list of owners of safe déposit boxes who have not been heard from for eight years or more, and nothing further; any disposition of such boxes or the contents thereof is not at issue here.
The appointment and duties of the Public Administrator are governed by Part III verbo “Public Administrators” LSA-R.S. 9:1581 et seq.
“The governor shall appoint public administrators for each parish of the state having a population of one hundred thousand or more, according to the last census, whose terms of office shall be for four years beginning August 1, 1960. Except as is otherwise provided, they shall have the same powers and be subject to the same duties as are provided by law for administrators. As amended Acts 1960, No. 497, § 1.” LSA-R.S. 9:1581.
“Except as otherwise provided in R.S. 9:151 et seq., as amended, they shall be appointed administrators of all money or other property in their respective parishes which has been abandoned or the ownership of which is unknown and of all the money or other property, standing in the name of persons who are absent and not represented and have not been heard from for eight years or more. It shall be the duty of any person, firm or corporation holding such funds or property to deliver same to the public administrator and his receipt for same shall relieve said person, firm or corporation from all liabilities therefor. The public administrators shall administer such property in the manner provided by law for the administration of vacant succession. As amended Acts 1950, No. 339, § 1; Acts 1952, No. 200, § 1; Acts 1960, No. 497, § 1.” LSA-R.S. 9:1585.
“When any money or other property has been deposited with any person, bank, trust company, or other depository in the City of New Orleans, other than in a checking or savings department, and stands in the names of persons who are absent and not represented and have not been heard from for ten years or more, the public administrator shall proceed to administer such property in the manner provided by law for the administration of vacant successions. To that end, he may demand of the depositories and they shall furnish to him annually on August 15th, complete lists of all such persons who have such deposits together with their last known residences or addresses and descriptions of the money or other property deposited.” LSA-R.S. 9:1587.
It is clear that funds or other property kept in bank boxes rented from banks, in their safe deposit box vaults, are not money or other property deposited with banks, because money and property kept in such rented boxes is not in the custody of the bank; the relationship between the bank and a boxholder being that of lessor and *919 lessee. The bank has no dominion or control over the contents of the box, the only responsibility being to prevent any person from entering such box who is not authorized by lessee of the box.
The duty of the Bank to produce a list of its safe deposit boxes, standing in the names of persons not heard from for eight years or more, has previously been passed upon.
The case directly in point is Newlin, Public Administrator v. New Orleans Public Service, Inc., 9 La.App. 319, 120 So. 525, certiorari denied by the Supreme Court of Louisiana. The Court of Appeal held:
“It will be observed that the plain in-tendment of the act is that the public administrator should receive possession of abandoned property in banks, trust companies, depositories, ‘or hands’ in the City of New Orleans. It is true that in authorizing the public administrator to demand a list of the names of owners of abandoned property, the words ‘or hands’ are not repeated, but we deduce the meaning of the act, by consideration of it in' its entirety and viewed in that light, there cannot be any question but that it was intended to embrace a situation like the present, and to authorize the public administrator to demand the list asked for in this proceeding.”
The Bank here relies on LSA-R.S. 9:-151, reading:
“Any other provision of the Revised Statutes to the contrary notwithstanding, any person, except a banking institution subject to the provisions of R.S. 6:164 and national banks, trust company, or insurance company, having possession or control of any money belonging to an owner who is unknown or who has not been heard from for more than three years, shall pay the same to the collector of revenue and shall thereby be relieved of all liability therefor. As amended Acts 1958, No. 507, § 1.”
LSA-R.S. 9:1585 and Newlin, Public Administrator v. New Orleans Public Service, Inc., supra, constitute the prevailing rule today, in keeping with which we are compelled to order the Hibernia National Bank of New Orleans to furnish the list requested; the list being a necessary requisite for the Public Administrator to properly administer abandoned funds or property that may be in safe deposit boxes in Defendant Bank, or any other bank.
The judgment of the lower court is affirmed; Defendant Bank to pay all taxable costs in both courts.
Judgment affirmed.